FRED C. KING, APPELLANT, V. SKY HARBOR AIR SERVICE, INC., A NEBRASKA CORPORATION, APPELLEE.

281 N. W. 2d 209

Filed July 10, 1979. No. 42223.

Lyle E. Strom of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellant.

Nelson & Harding, Peter E. Marchetti and Richard S. Reiser, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and COADY and NORTON, District Judges.

COADY, District Judge.
The plaintiff, Fred C. King, buyer, and the defendant, Sky Harbor Air Service, Inc., seller, contracted in writing for the sale of an airplane. The plaintiff paid $10,000 down. A few days later, the parties agreed to terminate or void the contract.

Subsequently, the plaintiff sued for the return of the downpayment with interest. The defendant counterclaimed alleging the $10,000 was left with the defendant as a downpayment on a second and subsequent unwritten purchase agreement; the defendant had incurred expenses for commissions, rent, premiums, and interest; and the defendant should be awarded damages because of plaintiff's breach of the second contract.

The case was tried in the District Court by jury which found against the defendant on the defendant's counterclaim and for the plaintiff in the sum of $10,000. Plaintiff, by motion, then asked for prejudgment interest. After a hearing thereon, the court denied the motion.

The sole issue in this appeal is whether plaintiff was entitled to prejudgment interest. This court's holding in Wiebe Constr. Co. v. School Dist. of Millard, 198 Neb. 730, 255 N. W. 2d 413 (1977), is controlling. We now hold that in an action for a liquidated sum which represents a downpayment on a contract voided or terminated by mutual agreement, the amount claimed does not become an unliquidated claim merely because of the assertion of a counterclaim, and if the trier of fact finds against the defendant on the counterclaim, prejudgment interest should be awarded on the plaintiff's claim.

We reverse the trial court's judgment and remand the cause to the District Court for the allowance of prejudgment interest.

REVERSED AND REMANDED.